# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**KEONDRA M. CHESTANG,**                                          **PLAINTIFF**
**ADC #134005**

**v.**                 **CASE NO. 5:18-CV-00051 BSM**

**RORY GRIFFIN, et al.**                                                 **DEFENDANTS**

## ORDER

Four partial recommended dispositions ("recommendations," hereafter referenced by their docket numbers) [Doc. Nos. 11, 55, 65, and 68] filed by United States Magistrate Judge Joe J. Volpe have been received. Plaintiff KeOndra Chestang has objected to recommendations 11 and 55. After *de novo* review of the record, recommendation 11 is adopted in part and rejected in part, and recommendation 55 is rejected. No objections were filed to recommendations 65 and 68. After careful review of the record, these recommendations are adopted. Pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal from this order would not be taken in good faith.

## I. RECOMMENDATION 11

### A. Counts One and Two

Recommendation 11 [Doc. No. 11] is rejected so far as it recommends dismissal of counts one and two. The statute of limitations was tolled while Chestang exhausted administrative remedies within the prison system.

Counts one and two allege violations of Chestang's constitutional rights on November 27, 2014. Amended Compl., Doc. No. 9. Chestang brings his claims under 42 U.S.C.

section 1983, which has a three-year statute of limitations that "is tolled during the period of time the application for . . . administrative remedies is pending." Ark. Code Ann. § 16-106-301; *Winston v. Kelly*, 2013 WL 593558 at *1 (Feb. 15, 2013); *see Bell v. Fowler*, 99 F.3d 262, 266 (8th Cir. 1996) (state law determines statute of limitations for section 1983 claims). Chestang formally filed a grievance on November 27, 2014, the same day as the alleged violations, and his appeal was denied on March 15, 2015. Compl., Doc. No. 2. Chestang filed suit on February 16, 2018, *see* Compl., Doc. No. 2, within three years of the denial of his appeal. Counts one and two may therefore go forward.

B. Counts Nine, Ten, and Eleven

Recommendation 11 [Doc. No. 11] is adopted as to counts nine, ten, and eleven. Counts nine, ten, and eleven are dismissed without prejudice. The incidents occurring in the Varner supermaximum security unit may proceed together, but joinder is improper for incidents occurring at a different facility. *See* Fed. R. Civ. P. 20(a)(2); *Phillips v. Hurley*, 2013 WL 5406620 at *2 (E.D. Mo. Sept. 25, 2013).

C. Remainder of Recommendation 11

No objections were filed to the portion of recommendation 11 permitting counts three through eight to proceed. No objections were filed to the portion of recommendation 11 recommending dismissal of defendants Bailey, Sorrels, Webb, Warren, Flatt, Chism, Stevie, Madden, and Thurman. These recommendations are therefore adopted.

## II. RECOMMENDATION 55

Recommendation 55 is rejected. Chestang has thirty days to attempt service on defendant Wright based on new information Chestang discovered about Wright's first initial. *See* Doc. No. 62.

## III. RECOMMENDATION 65

Recommendation 65 is adopted. Defendants Teri Kennedy and Lesa Jones are dismissed without prejudice.

## IV. RECOMMENDATION 68

Recommendation 68 is adopted. Defendant Nurse Jackson is dismissed without prejudice. Chestang may seek leave to amend his complaint with additional identifying information if it will identify the proper defendant to allow service.

IT IS SO ORDERED this 28th day of September 2018.

_____
UNITED STATES DISTRICT JUDGE